MARIE TRIMBLE HOLVICK (SBN: 257891)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
mholvick@grsm.com

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
(erroneously sued as UNIVERSITY OF CALIFORNIA SAN FRANCISCO)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN BARNETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM J. KAPLA, M.D; UNIVERSITY OF CALIFORNIA SAN FRANCISCO (THE REGENTS OF CALIFORNIA)<br><br>　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (erroneously sued as UNIVERSITY OF CALIFORNIA SAN FRANCISCO (THE REGENTS OF CALIFORNIA)) ("Defendant" or "University" or "The Regents") hereby removes to this Court the state court action described below.

1. On January 24, 2020, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled *Thomas Allen Barnett v. William J. Kapla, M.D.; University of California San Francisco (The Regents of California)*, Case No. CGC-20-582453 (hereinafter "the Action"). A copy of the summons and complaint are attached hereto as **Exhibit A**.

2. The Complaint was so poorly pled that it was difficult to decipher what causes of action Plaintiff intended to allege. For instance, Plaintiff used a form for personal injury cases, checked the box for an "Intentional Tort" claim, and stated the following under "description of reasons for liability": "Defendant UCSF the Regents has an obligation to report, investigate and deal with sexual harassment or actions which create hostile educational enviornemnts (*sic*) for students. [T]he clerkship with Dr. Kapla was such a hostile enviornment (*sic*) and violated rights under Title IX of the civil rights act. Dear colleague letters issued by the department of education state that it is the responsibility of institutions of higher education to take immediate and effectivwe (*sic*) steps to end sexual harrasment (*sic*) and sexual violence. This defendant both intentionally, negligently and fraudulently failed to do this on behalf of plaintiff." Defendant attempted to meet and confer in response to the Complaint.

3. With respect to the above cause of action for "Intentional Tort," Defendant advised Plaintiff that any Title IX complaint would be removable and time-barred. Plaintiff's counsel agreed to amend his complaint. He then changed his mind, and, without communication, served written discovery. As further illustration that Plaintiff did not actually know what causes of action he intended to allege, Plaintiff's discovery sought information and documents about "Title 9 or Title 6" complaints. When Defendant's counsel addressed this issue, Plaintiff's counsel finally agreed to file an amended complaint.

4. On May 6, 2020, Plaintiff filed a First Amended Complaint. Plaintiff served the First Amended Complaint on The Regents by email on May 7, 2020. The First Amended Complaint remains very poorly pled. What is now clear, however, is that Plaintiff has attempted to assert some form of federal claim. The First Amended Complaint now references Title VII in the Fact section. Plaintiff's First Amended Complaint also included facts related to an alleged violation of Title IX to the Fact section. Moreover, Plaintiff added exhibits related to University policies on sexual violence and sexual harassment, which could support either a Title VII or Title IX claim. A copy of the First Amended Complaint is attached hereto as **Exhibit B**. Defendant has not filed a response to the First Amended Complaint.

5. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within thirty (30) days from service of the First Amended Complaint on The Regents. The First Amended Complaint made it clear that Plaintiff intended to assert some form of federal claim under Title VII and/or Title IX.

6. The individual defendant, William Kapla, M.D., was served by mail with the First Amended Complaint on May 12, 2020. Dr. Kapla accepted service of the First Amended Complaint by signing a Notice & Acknowledgment form on either May 12 or 13, 2020. Dr. Kapla consents to this Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is being served within thirty (30) days from service of the First Amended Complaint on Dr. Kapla. Dr. Kapla was never served with the original Complaint.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under federal law pursuant to Title VII of the Civil Rights Act of 1964 or 20 U.S.C. § 1681 (Title IX).

8. Accordingly, this Action presents claims arising under the laws of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. §1331.

9. In addition to jurisdiction over any of Plaintiff's claims under federal law, this Court has supplemental jurisdiction over any of Plaintiff's related state law claims. Specifically, 28 U.S.C. §1367 confers jurisdiction to this Court over all claims which form part of the same case or controversy as the claim(s) over which the Court has original jurisdiction.

10. Plaintiff's supplemental state law claims in the complaint stem from the same common set of alleged facts and circumstances involving the alleged Title IX violations.

11. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because this Action is currently pending in the State of California, County of San Francisco, which is the same venue for this Court.

12. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, without exhibits, will be promptly served on Plaintiff's counsel.

-3-
NOTICE OF REMOVAL

13. A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco County.

**WHEREFORE,** Defendant respectfully removes this Action from the Superior Court of San Francisco to this Court, pursuant to 28 U.S.C. §1441.

Dated: June 5, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Marie Trimble Holvick
Attorney for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (erroneously sued as UNIVERSITY OF CALIFORNIA SAN FRANCISCO)

-4-
NOTICE OF REMOVAL

1207169/51346361v.1